# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-7058**

**September Term, 2020**

FILED ON: MARCH 5, 2021

TERRENCE P. COLLINGSWORTH, ET AL.,
APPELLANTS

v.

DRUMMOND COMPANY, INC., ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-01263)

Before: TATEL and WALKER, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## **J U D G M E N T**

The court considered this appeal from the order of the United States District Court for the District of Columbia granting the defendants' motions to dismiss on the record from the district court and on the parties' briefs. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court afforded full consideration to the issues presented and determined a published opinion is not warranted. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Terrence Collingsworth is a lawyer who has spent many years bringing alien tort suits against defendants Drummond Co., Inc. and related entities in the United States District Court for the Northern District of Alabama, alleging the Drummond defendants sponsored terrorism in Colombia. *See, e.g.*, *Romero v. Drummond Co., Inc.*, 552 F.3d 1303 (11th Cir. 2008). The Drummond entities sued Collingsworth and others in the same court alleging Collingsworth, with the help of his co-plaintiffs here, Albert van Bilderbeek and Ivan Otero Mendoza, had bribed witnesses in the alien tort suits. *See Drummond Co., Inc. v. Conrad &*

1

*Scherer, LLP*, 885 F.3d 1324, 1330-32 (11th Cir. 2018). The Drummond entities made similar accusations of bribery by the present plaintiffs in advertisements and interviews that appeared in the Colombian media. The plaintiffs sued the Drummond defendants and others in our district court over these two sets of allegedly defamatory statements. The district court dismissed the action, holding it lacked personal jurisdiction over the defendants and finding the plaintiffs' request for jurisdictional discovery was futile. *Collingsworth v. Drummond Co., Inc.*, No. 19-1263, 2020 WL 2800612 (D.D.C. May 29, 2020).

The district court was correct to hold it lacked personal jurisdiction. No defendant is alleged to be a resident of the District of Columbia or otherwise to be "at home" in the District. *See Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 889-90 (D.C. Cir. 2021). That being the case, "we must first decide whether statutory jurisdiction exists under the District's long-arm statute." *Forras v. Rauf*, 812 F.3d 1102, 1105-06 (D.C. Cir. 2016); D.C. Code § 13-423.[1] We apply the long-arm statute as interpreted by the D.C. Court of Appeals. *See Companhia Brasileira Carbureto de Calicio v. Applied Indus. Materials Corp.*, 640 F.3d 369, 372-73 (D.C. Cir. 2011).

The plaintiffs argue for statutory jurisdiction solely under subsection (a)(1) of the long-arm statute, which allows a court to exercise jurisdiction over a person "as to a claim for relief arising from the person's ... transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1). This argument is unavailing because their claims do not arise from any transaction of business in the District.

The plaintiffs attempt to characterize the Drummond defendants' statements as business activity conducted in the District by asserting the statements were made for the "business purpose" of intimidating Collingsworth, who lives in D.C. and was allegedly a threat to their business. This fails for two reasons. First, not all conduct that has some conceivable "business purpose" is itself a transaction of business. *See Etchebarne-Bourdin v. Radice*, 982 A.2d 752, 758-60 (D.C. 2009) (holding "continuing professional education" falls "outside the meaning of 'transacting business'"). Second, the statements were made in Alabama and Colombia, not "in the District." *See Crane v. Carr*, 814 F.2d 758, 761-62 (D.C. Cir. 1987) (sending a defamatory letter from New York to Belize about a D.C. resident "was not an act *in* the District" under (a)(1) regardless of reputational effects in D.C.); *Forras*, 812 F.3d at 1106 (similar).

The plaintiffs maintain the court need not consider the text of the long-arm statute at all, because subsection (a)(1) is "coextensive" with the Due Process Clauses of the Constitution of the United States, meaning the court should skip straight to the constitutional inquiry. As the D.C. Court of Appeals has said, this interpretation "cannot be correct." *Holder v. Haarmann & Reimer Corp.*, 779 A.2d 264, 270 & n.5 (D.C. 2001). While it is true the "transacting any business" provision reaches to the constitutional limit in cases where it applies, this means only

---

[1] Because the district court lacked jurisdiction under the long-arm statute, we need not address the plaintiffs' constitutional arguments.

2

that the provision "covers any transaction of business in the District of Columbia that can be reached jurisdictionally without offending the Due Process Clause." *Mouzavires v. Baxter*, 434 A.2d 988, 990-93 (D.C. 1981) (capitalization altered).

Finally, the district court did not abuse its discretion in denying the plaintiffs' request for jurisdictional discovery. Such a request is properly rejected where there is no reason to expect it would produce facts showing the court has jurisdiction. *See Erwin-Simpson*, 985 F.3d at 892. The plaintiffs sought to discover information about the defendants' intent to cause harm to Collingsworth in the District. They failed to explain how such evidence could be relevant to whether the defendants transacted any business in the District, and the district court therefore reasonably concluded discovery would not help the court establish jurisdiction.

The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

3